FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~HELENA~~ DIVISION
Delta

| | |
|---|---|
| HAROLD HUTCHINS<br>        Plaintiff<br><br>v.<br><br>DIA LODGING, LLC,<br>DAYS INNS WORLDWIDE, INC.,<br>WYNDHAM HOTELS AND RESORTS, LLC<br>LLC, and WYNDHAM WORLDWIDE<br>OPERATIONS, INC.<br>        Defendants | No. 2:20-CV-242-BSM<br><br>JURY TRIAL DEMANDED<br><br>This case assigned to District Judge __Miller__<br>and to Magistrate Judge __Harris__ |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Harold Hutchins, by and through his attorneys, EASLEY & HOUSEAL, PLLC, and for his cause of action against the defendants named herein, states:

**PARTIES, JURISDICTION AND VENUE**

1.    Harold Hutchins is and was at all times pertinent hereto an adult resident of Osage County, Oklahoma.

2.    Defendant DIA Lodging, LLC is a company that operates a Days Inn motel in Forrest City, Arkansas. DIA Lodging, LLC is licensed to do business in Arkansas, and in fact does business in St. Francis County, Arkansas. DIA Lodging, LLC has its principal place of business in Biloxi, Mississippi. Upon information and belief, DIA Lodging, LLC has employees operating on its behalf and under its direction, and

DIA Lodging, LLC should be responsible for the action and inaction of its employees under the doctrine of *respondeat superior*. The registered agent for service for DIA Lodging, LLC is Marshall Wright, who may be served at 523 Front Street, Forrest City, Arkansas 72335.

3.      Days Inns Worldwide, Inc. is an international corporation with its principal place of business outside of the State of Arkansas. Days Inns Worldwide, Inc. is registered to do business in Arkansas, and, in fact, does business in Arkansas. Upon information and belief, Days Inns Worldwide, Inc. has employees operating on its behalf and under its direction in the Eastern District of Arkansas, and Days Inns Worldwide, Inc. should be responsible for the action and inaction of its employees under the doctrine of *respondeat superior*. Days Inns Worldwide, Inc. may be served through its registered agent for service, Corporate Creations Network, Inc., at 609 SW 8th Street, #600, Bentonville, AR 72712. Upon information and belief, Days Inns Worldwide, Inc. is associated with DIA Lodging, LLC and the Forrest City Days Inn location in such a way that it may control the conduct of DIA Lodging, LLC (and its employees) and may create procedures and policies that are applicable to the failures in this case.

4.      Wyndham Worldwide Operations, Inc. is an international corporation with its principal place of business outside of the State of Arkansas. Wyndham Worldwide Operations, Inc. is registered to do business in Arkansas, and, in fact, does business in Arkansas. Upon information and belief, Wyndham Worldwide Operations, Inc. has employees operating on its behalf and under its direction in the Eastern District

of Arkansas, and Wyndham Worldwide Operations, Inc. should be responsible for the action and inaction of its employees under the doctrine of *respondeat superior*. Wyndham Worldwide Operations, Inc. may be served through its registered agent for service, Corporate Creations Network, Inc., at 609 SW 8th Street, #600, Bentonville, AR 72712. Upon information and belief, Days Inns Worldwide, Inc. a subsidiary of Wyndham Worldwide Operations, Inc., may control the conduct of DIA Lodging, LLC (and its employees) and Days Inns Worldwide, Inc., and may create procedures and policies that are applicable to the failures in this case. There exists an agency relationship between Wyndham Worldwide Operations, Inc. and the individuals employed at the Forrest City Days Inn location such that they are bound by the actions and inactions of those individuals.

5. Wyndham Hotels and Resorts, LLC is an international corporation with its principal place of business outside of the State of Arkansas. Wyndham Hotels and Resorts, LLC is registered to do business in Arkansas, and, in fact, does business in Arkansas. Upon information and belief, Wyndham Hotels and Resorts, LLC has employees operating on its behalf and under its direction in the Eastern District of Arkansas, and Wyndham Hotels and Resorts, LLC should be responsible for the action and inaction of its employees under the doctrine of *respondeat superior*. Wyndham Hotels and Resorts, LLC may be served through its registered agent for service, Corporate Creations Network, Inc., at 609 SW 8th Street, #600, Bentonville, AR 72712. Upon information and belief, Wyndham Hotels and Resorts, LLC is associated with DIA Lodging, LLC and the Forrest City Days Inn location in such a way that it may

control the conduct of DIA Lodging, LLC (and its employees) and may create procedures and policies that are applicable to the failures in this case. There exists an agency relationship between Wyndham Hotels and Resorts, LLC and the individuals employed at the Forrest City Days Inn location such that they are bound by the actions and inactions of those individuals.

6. For clarity, the defendants herein will be collectively referenced as "Days Inn," as the appropriate corporate structure, abilities to bind employees, abilities to set policies and procedures, and other matters pertinent to control and direction of employees and implementation of policies and procedures will not be known until after discovery has been completed.

7. The causes of action listed below arise from an incident that occurred at the Days Inn location in Forrest City, Arkansas on or about July 30, 2017. The amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the Plaintiff and Defendants. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332, and venue is proper in the Helena Division of the Eastern District of Arkansas.

## FACTS

8. On or about July 30, 2017, Plaintiff Harold Hutchins was traveling through Arkansas on his way home from a vacation with his wife and grandchildren. They decided to rest for the night and purchased a room from the Days Inn motel in Forrest City, Arkansas.

9. The subject Days Inn facility has rooms that open to the outside (as opposed to a hotel, that has rooms that open to an indoor hallway).

10. That evening Harold Hutchins and his family were preparing to rest for the night. They were short on towels so they telephoned the front desk to have towels delivered to their room. Towels were delivered by a Days Inn employee shortly thereafter.

11. Approximately one to two minutes later, Plaintiff heard another knock at the door. Upon answering the door, Hutchins was violently struck on the head and a struggle ensued. Eventually the intruder fled the scene.

12. The Plaintiff suffered extensive injuries, for which he has incurred significant medical bills.

13. The assailant was never identified.

14. The same people that manage the Forrest City Days Inn also manage the Magnolia Inn, which is adjacent to the Days Inn and is connected by a walkway. Approximately 100 feet (or less) separate the two buildings. See Exhibit "1" attached hereto.

15. Both the Days Inn and the Magnolia Inn are a hotbed for criminal activity. Not only do drug related crimes occur on the properties on a regular basis, but thefts and violent crimes are rampant at both locations, and have been for years.

16. From 2014 to the date of the assault on the Plaintiff, the Forrest City Police Department has been called to the Days Inn location for assaults, batteries, thefts, or burglaries at least 13 times. During the same timeframe, there have been "disturbance," "citizen complaint," or "suspicious person" calls at the Days Inn location at least 63 times.

17. From 2014 to July 30, 2017, the Forrest City Police Department has been called to the Magnolia Inn location for assaults, batteries, thefts, or burglaries at least 10 times. During the same timeframe, there have been "disturbance," "citizen complaint," or "suspicious person" calls at the Magnolia Inn location at least 13 times.

18. Patrons of the subject facility posted public reviews on third party rating services, which are highly visible and available to the Defendants, outlining their fear of crime at the subject facility and the lack of safety measures.

19. This Plaintiff was the victim of a crime that was reasonably foreseeable by Days Inn given the history of criminal conduct on the premises and with other neighboring motels.

20. At the time of the attack on the Plaintiff, Days Inn did not employ a security guard for the protection of its patrons.

21. At the time of the attack, Days Inn had insufficient lighting.

22. At the time of the attack, Days Inn employed insufficient video surveillance.

23. The lack of security features and protocols is the result of a conscious decision that places finances over the safety of patrons.

24. Initially Days Inn agreed to pay Plaintiff's expenses but has since refused Plaintiff's demands for payment.

### COUNT I: NEGLIGENCE

25. Plaintiff incorporates all previous allegations as if set forth herein word for word.

26. Plaintiff was a business invitee upon Defendants' premises.

27. As a business invitee, Defendants owed Hutchins an affirmative duty to use ordinary care to maintain the premises in a reasonably safe condition.

28. Defendants are required to maintain the premises in a reasonably safe condition.

29. The Defendants were aware and previously placed on notice of the dangerous criminal activities on the premises and failed to exercise proper care to prevent criminal activities such as those perpetrated upon the Plaintiff.

30. Moreover, Defendants and their employees either knew the attack on the Plaintiff was imminent, or should have known the attack was imminent had sufficient security measures been implemented and practiced. Upon information and belief, the facility had safety measures to protect their employees and cash register, but lacked no such security measures for their patrons. In addition, there were reviews on third-party rating services that explained and highlighted the criminal activity and dangerous nature of the premises.

31. The attack upon the Plaintiff was the direct result of the Defendants' failure to use ordinary care and maintain the premises in a reasonably safe condition. The Defendants failures include, but are not limited to:

    a. Failure to hire a security guard;

    b. Failure to have adequate lighting;

    c. Failure to implement and maintain a sufficient security system;

    d. Failure to implement and maintain sufficient video surveillance;

  e. Failure to adequately train existing staff to identify and be on the lookout for potential criminals;

  f. Failure to control after-hours access to hotel property and patrons;

  g. Failure to adequately monitor the premises;

  h. Failure to construct and maintain fencing or other borders and boundaries to keep out potential criminals;

  i. Failure to implement security policies and procedures to protect patrons;

  j. Not conducting audits, inspections, or quality assurance evaluations to uncover failures in security protocols; and

  k. Otherwise failing to act as an ordinary, common, prudent person or business would have under the same or similar circumstances.

32. Defendants failed to use ordinary care to either eliminate the dangerous condition or warn Plaintiff of that its premises presented danger.

33. Defendant's negligence proximately caused Plaintiff's harms and losses described below.

## COUNT II: FAILURE OF DUTY TO WARN OF DANGEROUS CONDITION

34. Plaintiff incorporates the previously alleged factual allegations and prayers for relief as if set forth hereafter word for word.

35. For the reasons aforesaid, the Defendants knew or should have known the Days Inn location in Forrest City was dangerous.

36. The Defendants failed to warn patrons of the danger.

37. The Defendants failure to warn the Plaintiff gave the Plaintiff a false sense of security.

38. The Defendants failure to warn proximately caused the harms and losses described below.

## COUNT III: NEGLIGENT OVERSIGHT

39. The Defendants had a duty to conduct oversight of the subject location by way of regular inspections and audits. These audits/inspections were either not conducted or conducted in a faulty manner.

40. Had the Defendants legitimately inspected or audited the subject premises the dangerous condition of the premises would have become known.

41. The Defendants' failure and refusal to conduct a legitimate inspection or audit was a breach of their duty, which directly and proximately caused the dangerous condition giving rise to Plaintiff's injuries and damages.

42. In addition, Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC required their franchisee, DIA Lodging, Inc. to obtain and hold liability insurance.

43. DIA Lodging, Inc. did not have liability insurance at the time of the incident referenced above.

44. Had Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC conducted sufficient audits and inspections of DIA Lodging, Inc.'s

operation, the lack of insurance would have been discovered. This lack of oversight is negligence, and the Plaintiff has been further harmed as a result.

45. Upon information and belief, the limited inspections conducted by Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC of the subject facility showed evidence of forced entry into multiple rooms in the years leading up to Plaintiff's incident. This evidence was negligently disregarded by the Defendants. Had sufficient audits been conducted with regularity, and appropriately reviewed, a reasonable entity in Wyndham Worldwide Operations, Inc. and Wyndham Hotels and Resorts, LLC position would have required the dangers posed by the subject facility be remedied.

## DAMAGES

46. Plaintiff incorporates the previously alleged factual allegations and prayers for relief as if set forth hereafter word for word.

47. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the following harms and losses:

    (a) Significant injuries to his head, including a subsequent stroke, most of which are permanent in nature;

    (b) Significant medical expense;

    (c) Pain, suffering, and mental anguish in the past, as well as pain and suffering which will likely occur in the future; and

    (d) Disfigurement and scarring.

for all of which he should be compensated.

48. **Plaintiff demands a jury trial.**

WHEREFORE, Plaintiff prays for judgment against the Defendants for an amount in excess of $75,000.00, for a jury trial, and for all other relief to which he may be entitled.

Respectfully submitted,

EASLEY & HOUSEAL, PLLC
Attorneys for Plaintiff

By: _____ (for)
Austin H. Easley
Arkansas Bar No. 2010154
Post Office Box 1115
Forrest City, Arkansas 72336
P: (870) 633-1447
austin@ehtriallawyers.com

**Days Inn and Magnolia Inn**
Case 2:18-

A = Days Inn
B = Magnolia Inn

Legend
A =
B =

EXHIBIT
1

200 ft

Google Earth